**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| BRUCE THOMAS ) | |
| ) | |
| Plaintiff, ) | |
| ) | NO. 4:15-CV-00199 |
| v. ) | |
| ) | |
| CITY OF BERKELEY, MISSOURI, ) | **JURY TRIAL DEMANDED** |
| ) | |
| FRANK MCCALL, ) | |
| ) | |
| ANTWAN JOHNSON, ) | |
| ) | |
| GEORGE ERVIN, ) | |
| ) | |
| BRADLEY KEISER, ) | |
| ) | |
| JEREMY MATLOCK, ) | |
| ) | |
| BRIAN HOWDESHELL, ) | |
| ) | |
| RANDAL DENNIS, ) | |
| ) | |
| IRA WALKER, ) | |
| ) | |
| BRITTANY RICHARDSON, ) | |
| ) | |
| JULES ALLIGOOD, ) | |
| ) | |
| Defendants. ) | |
| ) | |

## COMPLAINT

### INTRODUCTION

1. On January 30, 2010, Plaintiff Bruce Thomas drove up to a Phillips 66 gas station at 8901

   Airport Road in Berkeley, Missouri.  As the Plaintiff, a resident of the City of Berkeley at

the time, got out of his vehicle, he was approached by a female friend about a money dispute.  Said female friend began shouting at Plaintiff which drew the attention of a City of Berkeley off-duty officer, Sgt. Bradley Keiser, DSN 495, Defendant.  Defendant Keiser calmed the female down and had both Plaintiff and her talking calmly.  Defendant Keiser asked for the Plaintiff's name and Plaintiff provided his full name, Bruce Thomas.  Defendant Keiser had the name run and found out that there was a warrant for his arrest related to a previous misdemeanor incident in Berkeley.

2. Defendant Keiser called in back up, and informed Plaintiff that there was a warrant for his arrest and that there was a $250 bond set.  Plaintiff stated that he had the money to make bond on him and stated he would like to make a call to his family to come pick up his car.  Plaintiff then called using his cell phone and was able to reach a person and requested that his car be picked up because he was about to be arrested.

3. At this moment, another six Berkeley police officers appeared at the scene.  Officers included Antwan Johnson – DSN 545, George Ervin – DSN 494, Jeremy Matlock – DSN 544, Brian Howdeshell DSN – 547, Randal Dennis DSN – 540, and Ira Walker – DSN 429.

4. Officers arriving at the scene recognized Plaintiff's name as an individual from a pedestrian stop made on January 9, 2010.  Plaintiff was backed up against the store window and then quickly surrounded in a semi-circle by the officers.

5. Plaintiff was told by an officer that he was under arrest and he will be handcuffed.  Plaintiff presented his hands behind his back and was handcuffed by an officer.

6.  Defendant, Officer Randal Dennis, went behind Plaintiff and pulled down on Plaintiff's dreadlocks, causing Plaintiff's head to jerk up and for him to lose balance and have to take a step backwards.

7.  Next, one of the Defendants began to shout "stop resisting" and Defendants began to assault Plaintiff with fist blows to the face and body, and leg kicks and night stick strikes to the legs and knees of Plaintiff, along with an OC spray to his face.

8.  As observed on a security video, Plaintiff was then shoved into the store parking lot and tackled to the ground.  Defendants then began assaulting Plaintiff with more than five knee strikes, multiple punches, at least two OC spray spurts to the face, and at least two night stick blows to the head, and night stick blows to the body.

9.  The attack by Defendants caused Plaintiff great pain and serious injuries, including sprained and swollen fingers and wrist, a broken nose, contusions, abrasions, emotional and mental distress and anguish, and other injuries.

10. Defendant officers, as named above, participated in some or all of the following: responding to the scene, assaulting Plaintiff, took custody of Plaintiff, prepared documents which contained fabricated and contrived facts.  Those documents caused criminal charges to be filed against Plaintiff which were later dismissed.

11. This is a civil rights action brought pursuant to 42 U.S.C. §1983 to redress the violation of Plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution.  Plaintiff also brings claims for assault, battery, false arrest and detention, pursuant to Missouri law.

**JURISDICTION AND VENUE**

12. The Court has jurisdiction pursuant to 28 U.S.C. §1343 and 28 U.S.C. §1331.  Plaintiff's claims for relief are cognizable under 42 U.S.C. §1983 and §1988, and under Missouri state law.  Plaintiff respectfully invokes the supplemental jurisdiction of the court to hear and decide his claims arising under state law.

13. Venue is appropriate in this Court pursuant to 28 U.S.C. §1391(b) because the Defendants are located, and all incidents giving rise to this suit occurred, in this judicial district.

**PARTIES**

14. Plaintiff Bruce Thomas is a resident of St. Louis County, Missouri and the United States.

15. Defendant City of Berkeley (hereinafter "City" or "Defendants") is a municipality organized and existing pursuant to the laws of the State of Missouri and is located in St. Louis County, Missouri.

16. In January 2010 and at all times referred to herein, Frank Mc Call, (hereinafter "Mc Call" or "Defendants") was the Chief of Police for Defendant City of Berkeley, Missouri. Defendant Mc Call is sued in his individual capacity.

17. In January 2010 and at all times referred to herein, Antwan Johnson (hereinafter "Johnson" or "Defendants"), was a police officer for Defendant City of Berkeley, Missouri. Defendant Johnson is sued in his individual capacity.

4

18. In January 2010 and at all times referred to herein, George Ervin (hereinafter "Ervin" or "Defendants"), was a police officer for Defendant City of Berkeley, Missouri.  Defendant Ervin is sued in his individual capacity.

19. In January 2010 and at all times referred to herein, Bradley Keiser (hereinafter "Keiser" or "Defendants"), was a police officer for Defendant City of Berkeley, Missouri.  Defendant Keiser is sued in his individual capacity.

20. In January 2010 and at all times referred to herein, Jeremy Matlock (hereinafter "Matlock" or "Defendants"), was a police officer for Defendant City of Berkeley, Missouri. Defendant Matlock is sued in his individual capacity.

21. In January 2010 and at all times referred to herein, Brian Howdeshell (hereinafter "Howdeshell" or "Defendants"), was a police officer for Defendant City of Berkeley, Missouri.  Defendant Howdeshell is sued in his individual capacity.

22. In January 2010 and at all times referred to herein, Randal Dennis (hereinafter "Dennis" or "Defendants", was a police officer for Defendant City of Berkeley, Missouri.  Defendant Dennis is sued in his individual capacity.

23. In January 2010 and at all times referred to herein, Ira Walker (hereinafter "Walker" or "Defendants", was a police officer for Defendant City of Berkeley, Missouri.  Defendant Walker is sued in his individual capacity.

24. In January 2010 and at all times referred to herein, Brittany Richardson (hereinafter "Richardson" or "Defendants"), was a police officer for Defendant City of Berkeley, Missouri.  Defendant Richardson is sued in her individual capacity.

25. In January 2010 and at all times referred to herein, Jules Alligood (hereinafter "Alligood" or "Defendants"), was a police officer for Defendant City of Berkeley, Missouri.  Defendant Alligood is sued in his individual capacity.


**FACTS**

26. On January 30, 2010, Plaintiff drove up to a Phillips 66 gas station at 8901 Airport Road in Berkeley, Missouri.

27. As Plaintiff got out of his vehicle, he was approached by an angry female friend named Ciera Harris about a money dispute.  Said female friend was angry and shouting at Plaintiff.

28. Harris' arguing drew the attention of an off-duty officer already at the scene, Sgt. Bradley Keiser, DSN 495, Defendant, who was eventually able to calm Harris down and have both Harris and Plaintiff talking calmly.  Neither party wanted to press charges.

29. Defendant Keiser asked for the Plaintiff's name and Plaintiff provided his full name, Bruce Thomas.

30. Defendant Keiser had the name run and found out that there was a warrant for Plaintiff's arrest related to a previous incident in Berkeley on January 9, 2010, with a charge of Pedestrian Impeding the Flow of Traffic.

31. Defendant Keiser called in back up for other officers, and informed Plaintiff that there was a warrant for his arrest and that there was a $250 bond set.

32. Plaintiff stated that he had the money to make bond on him and stated he would like to make a call to his family to come pick up his car.  Plaintiff then called using his cell phone and was able to reach a friend and requested that his car be picked up.

33. At this moment, another six Berkeley police officers appeared at the scene.  Officers included, but not limited to, Antwan Johnson – DSN 545, George Ervin – DSN 494, Jeremy Matlock – DSN 544, Brian Howdeshell DSN – 547, Randal Dennis DSN – 540, and Ira Walker – DSN 429.

34. Officers arriving at the scene recognized Plaintiff's name as an individual from a pedestrian stop made on January 9, 2010.

35. One of the Defendant officers walked to and from the Plaintiff and onto the parking lot looking in different directions as if to check to see that there were no witnesses watching about what was going to happen.

36. Plaintiff was backed up against the store window and then quickly surrounded in a semi-circle by the officers.

37. Defendants informed Plaintiff that he was under arrest, and Plaintiff presented his hands behind his back and was handcuffed.

38. Defendant Officer Randal Dennis went behind Plaintiff and pulled his neck back by pulling sharply down on Plaintiff's dreadlocks.

39. The pulling of his dreadlocks forced Plaintiff to step back, and Plaintiff next heard officers shouting "Stop Resisting" and said officers began to punch Plaintiff in the face, arm, body and neck, then sprayed his face with OC spray.

40. Defendants used night sticks and flash lights, striking Plaintiff on the thigh and in the knee, eventually Defendants shoved Plaintiff into the parking lot where the six to seven officers tackled him to the ground.

41.  As observed on a security video, Plaintiff was then shoved into the store parking lot and tackled to the ground.

42. Plaintiff said to Defendants that he was not resisting.

43. Defendants then began assaulting Plaintiff with at least 10 knee strikes, multiple punches, at least two OC spray spurts to the face, and at least two night stick blows to the head, and night stick blows to the body.

44. Because of OC spray in his nose and mouth, and several officers on top of his body, Plaintiff began to choke and struggled to breathe, and repeatedly stated that he could not breathe.

45. With Plaintiff's pleas to stop the assaults to his body and that he could not breathe ignored, Defendants continued to assault Plaintiff, jerking his head back with his dreadlocks, eventually ripping at least 75 to 100 dreadlocks from his scalp, causing great pain to Plaintiff, and leaving bald spots on his scalp.

46. Plaintiff is pulled to his knees while still handcuffed and then was quickly taken to the ground again by officers lunging at him, striking him with hands and with what appears to be night sticks on numerous occasions.

47. One officer stood on Plaintiff's legs and ankle.

48. As the Supervising Officer on duty that night pulled up and walked up to the officers, the officers began to get off of Plaintiff, eventually bringing Plaintiff to a standing position.

49. Plaintiff struggled to walk, swaying side to side, because his eyes continued to burn from the OC spray, he could not see in front of him, and officers were shoving and dragging him.

50. Plaintiff was questioned by the Supervising Officer as to what happened, and Plaintiff stated that the officers "jumped" him.

51. Officers can be seen on video sweeping up into a pile the Plaintiff's dreadlocks.

52. An ambulance was called for Plaintiff who continued to complain about his ability to see and breathe.

53. Plaintiff was transported to Christian Northwest Hospital where he was checked mostly for complaints about seeing and breathing.

54. The next day Plaintiff returned to Christian Northwest Hospital for a checkup because of continued pain to his body and irritation to his eyes.

55. The attack by Defendants caused Plaintiff great pain and serious injuries, including sprained and swollen fingers and wrist, a broken nose, contusions to his face, scalp, neck and body; abrasions to his face, hands, hip, leg and forearm; pain and strain to his knee and ankle; ongoing headaches; emotional and mental distress and anguish, and other injuries.

56. When booked, Plaintiff provided the cash he had in his possession and bonded out.

57. The Berkeley Police report about the incident states that a video from surveillance camera at the Phillips 66 gas station was retrieved by an officer.

58. Berkeley Municipal Court Clerk April Walton stated that the video was lost by the police.

59. All three charges related to the January 30, 2010 incident – two counts of Assault of a Law

Enforcement Officer and one count of Resisting Arrest – were Nolle Prosequi on June 11,

2010 by the City of Berkeley Prosecutor Mavis Thompson in cause numbers 020133-2;

020134-B; and 020135-9,  State v. Bruce Thomas.  Additionally, a charge of Pedestrian

Impeding the Flow of Traffic, Cause No. N000022965-2, from a January 9, 2010 incident

with City of Berkeley police officers was given a Nolle Prosequi as well.


**CAUSES OF ACTION**

**COUNT I**

**USE OF EXCESSIVE FORCE IN VIOLATIONS OF THE FOURTH AND FOURTEENTH AMENDMENTS
TO THE UNITED STATES CONSTITUTION BY DEFENDANTS COGNIZABLE UNDER 42 U.S.C. §1983**

For his cause of action against Defendants in Count 1, Plaintiff states:

60. By this reference, Plaintiff incorporates each and every allegation set forth in Paragraphs 1

through 59 of this Complaint as though fully set forth herein.

61. Defendants assaulted, battered, and/or otherwise brutalized Plaintiff as aforedescribed,

and thereby unreasonably seized Plaintiff in violation of the Fourth and Fourteenth

Amendments to the United States Constitution.

62. As a direct and proximate result of the unlawful and malicious physical abuse of Plaintiff

by Defendants, all committed under color of law, Plaintiff suffered bodily harm and was

deprived of his right to be free from unreasonable seizure of his person and to be free

from the use of excessive force, in violation of the Fourth and Fourteenth Amendments to

the Constitution of the United States and 42 U.S.C. Section 1983.

63. As a direct and proximate result of the malicious, brutal and outrageous conduct of Defendants, Plaintiff suffered injuries and damages, including blunt force trauma, sprained fingers and wrist, contusions to the face, head, neck, knee, legs and arms, swelling and bruising of soft tissue, chemical conjunctivitis to his eyes, loss of at least 75 to 100 pieces of dreadlocks ripped from his scalp, and other injuries. Plaintiff's body was rendered weak, stiff, sore, and painful, requiring weeks to heal, and causing since the assault took place, constant migraine headaches and at least two permanent lumps and scars to his scalp.  The brutal assault on Plaintiff at the hands of Defendants caused Plaintiff to be fearful for his life.  The injuries to his body and the great fear for his safety have caused Plaintiff pain of the mind as well as the body, and fear, apprehension, depression and consternation and severe mental anguish.

64. Additionally, Plaintiff has suffered special damages in the form of medical expenses and may suffer additional special damages in the future in an amount which cannot yet be determined.

65. The acts of Defendants as aforedescribed were intentional, wanton, malicious, oppressive, reckless and callously indifferent to the rights of Plaintiff, thus entitling Plaintiff to an award of punitive damages against Defendants.

66. If Plaintiff prevails, he is entitled to an award of attorney fees pursuant to 42 U.S.C. §1988.

WHEREFORE, PLAINTIFF prays for judgment against Defendants for compensatory damages in an amount which is fair and reasonable, and for punitive damages, plus costs of this action, attorney's fees and such other relief as the Court deems fair and appropriate under the circumstances.

## COUNT II

## UNLAWFUL SEIZURE BY ARREST AND DETENTION BY DEFENDANTS COGNIZABLE UNDER 42 U.S.C. §1983

For his cause of action against Defendants in Count II, Plaintiff states:

67. By this reference, Plaintiff incorporates each and every allegation and averment contained in paragraphs 1 through 66 of this Complaint as though fully set forth herein.

68. Defendants maliciously, and without reasonable grounds or probable cause therefore, unlawfully arrested and detained Plaintiff for charges of Assault of a Law Enforcement Officer (two counts); Resisting Arrest; and Pedestrian Impeding the Flow of Traffic.

69. The arrest and detention was in violation of Plaintiff's right to be free from unreasonable seizure secured by the Fourth and Fourteenth Amendments to the United States Constitution and protected under 42 U.S.C. §1983.

70. As a direct and proximate result of Defendants unlawful arrest of Plaintiff as aforedescribed, Plaintiff suffered injuries and damages as a direct and proximate result of the malicious, brutal and outrageous conduct of Defendants, Plaintiff suffered injuries and damages, including blunt force trauma, sprained fingers and wrist, contusions to the face, head, neck, knee, legs and arms, swelling and bruising of soft tissue, chemical conjunctivitis to his eyes, loss of at 75 to 100 pieces of dreadlocks ripped from his scalp, and other injuries. Plaintiff's body was rendered weak, stiff, sore, and painful, requiring weeks to heal, and, causing him since the assault, constant migraine headaches and at least two permanent lumps and scars to his scalp.  The brutal assault on Plaintiff at the

hands of Defendants caused Plaintiff to be fearful for his life.  The injuries to his body and the great fear for his safety have caused Plaintiff pain of the mind as well as the body, and fear, apprehension, depression and consternation and severe mental anguish.

71. The acts of Defendants as aforedescribed were intentional, wanton, malicious, oppressive, reckless and callously indifferent to the rights of Plaintiff, thus entitling Plaintiff to an award of punitive damages against Defendants.

72. If Plaintiff prevails, he is entitled to an award of attorney fees pursuant to 42 U.S.C. §1988.

WHEREFORE, PLAINTIFF prays for judgment against Defendants for compensatory damages in an amount which is fair and reasonable, and for punitive damages, plus costs of this action, attorney's fees and such other relief as the Court deems fair and appropriate under the circumstances.

## COUNT III

### CONSPIRACY TO VIOLATE PLAINTIFF'S CIVIL RIGHTS BY DEFENDANTS, COGNIZABLE UNDER 42 U.S.C. §1983

For his cause of action against Defendants in Count III, Plaintiff states:

73. By this reference, Plaintiff incorporates each and every allegation and averment contained in paragraphs 1 through 72 of this Complaint as though fully set forth herein.

74. Defendants acting under the color of law, conspired together, and reached a mutual understanding to undertake a course of conduct that violated Plaintiff's civil rights.  In furtherance of this conspiracy, Defendants committed or caused the following overt acts:

   a.  Defendants acted alone and together and in concert to arrest and detain Plaintiff for charges of knowing there was no cause to do so.

    b.   Defendants acted alone and together and in concert to intentionally fabricate and contrive facts to support their use of force and assault on Plaintiff, and to facilitate the criminal charges of Assault on a Law Enforcement Officer (two counts) and Resisting Arrest.

    c.   Defendants acted alone and together and in concert to intentionally and knowingly cause a complaint to be filed by the City of Berkeley Prosecuting Attorney, and an arrest warrant to issue, knowing the facts stated to support said charges were untrue, fabricated and contrived.

    d.   Absent the fabricated and contrived facts, there existed no probable cause to arrest or charge Plaintiff with crimes of Assaulting a Law Enforcement Officer or Resisting Arrest.

    e.   Defendants acted alone and together and in concert to adhere to a code of silence whereby if asked about the incident the Defendants would lie about what occurred.

    f.   Defendants acted alone and together and in concert to adhere to a code of silence whereby videotaped evidence of the January 30, 2010 incident mysteriously disappeared, said to be "lost," and was not produced upon discovery request by Bruce Thomas and his attorney in the City of Berkeley's criminal case against the Plaintiff.

75. Defendants shared the general conspiratorial objective to arrest, detain, charge, and cause the conviction of the Plaintiff by fabricating facts to justify and cover up the conduct of Defendants, and what actually occurred to Plaintiff, as aforedescribed.

76. As a direct and proximate result of the conspiracy, Plaintiff was unreasonably seized, detained, and assaulted, in violation of his rights under the Fourth and Fourteenth Amendments to the United States Constitution which are protected by 42 U.S.C. Section 1983.

77. As a direct and proximate result of the malicious and outrageous conduct of Defendants as aforedescribed, Plaintiff suffered damages in the form of attorney costs, fees and

expenses.  Furthermore, Plaintiff has suffered mental anguish and loss of reputation and standing in the law enforcement community.

78. The acts of Defendants as aforedescribed were intentional, wanton, malicious, oppressive, reckless and callously indifferent to the rights of Plaintiff, thus entitling Plaintiff to an award of punitive damages against Defendants.

79. If Plaintiff prevails, he is entitled to an award of attorney fees pursuant to 42 U.S.C. §1988.

WHEREFORE, PLAINTIFF prays for judgment against Defendants, jointly and severally, for compensatory damages in an amount which is fair and reasonable, and for punitive damages, plus costs of this action, attorney's fees and such other relief as the Court deems fair and appropriate under the circumstances.


**COUNT IV**

**LIABILITY OF CITY OF BERKELEY, MISSOURI
UNDER 42 U.S.C. §1983**

For his cause of action against Defendants in Count IV, Plaintiff states:

80. By this reference, Plaintiff incorporates each and every allegation and averment contained in paragraphs 1 through 79 of this Complaint as though fully set forth herein.

81. Defendant Frank McCall was the policymaker for matters of policing, police tactics, police policy, arrest and detention policy and use of force policy for the Defendant City of Berkeley, Missouri, and therefore, the conduct of Berkeley police officers, as described herein, constitutes the policies, customs, practices and usages of the City of Berkeley.

82. As the designated policymaker for the City of Berkeley Police Department, Defendant McCall has the power and responsibility to prevent the existence of the policies and practices as aforedescribed and has failed and refused to do so.  By his failure to act in the face of constitutionally violative conduct by his officers as aforedescribed, and by participating in the unlawful seizure, detention, assault, and battery of citizens, Defendant McCall, and therefore the City, has caused the constitutional deprivations that have been suffered by the Plaintiff.

83. As a direct and proximate result of the policies, customs, practices and usages of Defendant City, attributable to the City through Defendants as aforedescribed, Plaintiff suffered severe and permanent injuries and damages.

84. The unlawful and excessive assault and battery on Plaintiff at the hands of Defendants caused Plaintiff to be fearful for his life, and the injuries to his body and the great fear for his safety have caused Plaintiff pain of the mind as well as of the body and fear, apprehension, depression and consternation.

85. The unlawful arrest and detention of Plaintiff and the fabrication of facts to support the criminal charges against Plaintiff caused Plaintiff to be fearful for his life and the injuries to his body and the great fear for his safety have caused Plaintiff pain of the mind as well as of the body and fear, apprehension, depression and consternation, damage to his reputation and standing in the community.

86.  If Plaintiff prevails, he is entitled to an award of attorney fees pursuant to 42 U.S.C. §1988.

WHEREFORE, PLAINTIFF prays for judgment against Defendants. For

compensatory damages in an amount which is fair and reasonable, and for punitive damages, plus costs of this action, attorney's fees and such other relief as the Court deems fair and appropriate under the circumstances.

## COUNT V

### ASSAULT AND BATTERY BY DEFENDANTS
### COGNIZABLE UNDER STATE LAW

For his cause of action against Defendants in Count V, Plaintiff states:

87. By this reference, Plaintiff incorporates each and every allegation and averment contained in paragraphs 1 through 86 of this Complaint as though fully set forth herein.

88. The acts of Defendants, as aforedescribed, were committed without just cause or provocation, and with the intent to cause Plaintiff offensive contact, bodily harm, apprehension of offensive contact, and apprehension of bodily harm, constituting an intentional assault and battery against Plaintiff.

89. The amount of force used against Plaintiff was unreasonable, unlawful, and excessive.

90. As a direct and proximate result of Defendants unlawful arrest of Plaintiff as aforedescribed, Plaintiff suffered injuries and damages as a direct and proximate result of the malicious, brutal and outrageous conduct of Defendants, Plaintiff suffered injuries and damages, including blunt force trauma, sprained fingers and wrist, contusions to the face, head, neck, knee, legs and arms, swelling and bruising of soft tissue, chemical conjunctivitis to his eyes, loss of at least 75 to 100 dreadlocks ripped from his scalp, and other injuries. Plaintiff's body was rendered weak, stiff, sore, and painful, requiring weeks to heal, and causing since the assault constant migraine headaches at and least two permanent lumps and scars to his scalp.  The brutal assault on Plaintiff at the hands of

Defendants caused Plaintiff to be fearful for his life.  The injuries to his body and the great

fear for his safety have caused Plaintiff pain of the mind as well as the body, and fear,

apprehension, depression and consternation and severe mental anguish.

91.  Additionally, Plaintiff has suffered special damages in the form of medical expenses and

may suffer additional special damages in the future in an amount which cannot yet be

determined.

92. The acts of Defendants as aforedescribed were wanton, malicious and oppressive, thus

entitling Plaintiff to an award of punitive damages.

WHEREFORE, PLAINTIFF prays for judgment against Defendants and for

compensatory damages in an amount which is fair and reasonable, and for punitive damages,

plus costs of this action, attorney's fees and such other relief as the Court deems fair and

appropriate under the circumstances.


**COUNT VI**

**FALSE ARREST AND FALSE IMPRISONMENT BY DEFENDANTS
COGNIZABLE UNDER STATE LAW**


For his cause of action against Defendants in Count VI, Plaintiff states:

93. By this reference, Plaintiff incorporates each and every allegation and averment contained

in paragraphs 1 through 92 of this Complaint as though fully set forth herein.

94. Defendants, at such times as previously set forth herein, intentionally arrested, detained,

and restrained Plaintiff against his will without probable cause that Plaintiff had

committed any crime.

95. Defendants exercised dominion and control over the freedom of Plaintiff and intentionally restrained Plaintiff against his will, for the purpose of causing false criminal charges to be made against him, thereby inflicting harm on Plaintiff.

96. As a direct and proximate result of the unlawful and malicious arrest and detention of Plaintiff, Plaintiff suffered damages to his reputation and emotional well-being. Plaintiff has also suffered severe mental anguish in connection with the deprivation of his rights.

97. Plaintiff has incurred damages in the form of costs, attorney fees and expenses associated with defending the false and fabricated charges made against him by the Defendants.

98. On June 11, 2010, the City of Berkeley Prosecutor Mavis Thompson entered Nolle Prosequi of charges in the cause numbers 020133-2;  020134-B; and 020135-9,  State v. Bruce Thomas.  Additionally, a charge of Pedestrian Impeding the Flow of Traffic, Cause No. N000022965-2, from a January 9, 2010 incident with Defendants was given a Nolle Prosequi as well.

99. The conduct of Defendants was outrageous because of Defendant's evil motive and/or his reckless indifference to the rights and well-being of Plaintiff, and therefore Plaintiff is entitled to an award of punitive damages against Defendants.

WHEREFORE, PLAINTIFF prays for judgment against Defendants and for compensatory damages in an amount which is fair and reasonable, and for punitive damages, plus costs of this action, attorney's fees and such other relief as the Court deems fair and appropriate under the circumstances.

## COUNT VII

## MALICIOUS PROSECUTION BY DEFENDANTS
## COGNIZABLE UNDER STATE LAW

For his cause of action against Defendants in Count VII, Plaintiff states:

100.  By this reference, Plaintiff incorporates each and every allegation and averment

contained in paragraphs 1 through 99 of this Complaint as though fully set forth herein.

101.  Defendants, as such times as previously set forth herein, intentionally, maliciously,

caused the criminal charges of Assault 3rd Degree on a Law Enforcement Officer (two

counts, Cause No. 020134 and 020135) in violation of ordinance §210.020 RSMo., and

Resisting Arrest (Cause No. 020133) in violation of §210.150 RSMo., and Pedestrian

Impeding the Flow of Traffic (Cause No. N000022965-2) in violation of §345.080, to be

pursued against Plaintiff.

102.  No probable cause existed to initiate any criminal charge or proceeding against Plaintiff

for these charges, cause numbers 020133-2;  020134-B; 020135-9, and N000022965-2 in

State v. Bruce Thomas.

103.  Defendants each knew that no probable cause to charge Plaintiff with any crime existed.

104.  Defendants fabricated and contrived facts to support and cause the criminal charges of

Assault of a Law Enforcement Officer (two counts) and Resisting Arrest, and Pedestrian

Impeding the Flow of Traffic.

105.  As a direct and proximate result of the unlawful and malicious arrest and detention of

Plaintiff, Plaintiff suffered damages to his reputation and emotional well-being. Plaintiff

has also suffered severe mental anguish in connection with the deprivation of his rights.

106.  Plaintiff has incurred damages in the form of costs, attorney fees and expenses

associated with defending the false and fabricated charges made against him by the

Defendants.

107.  On June 11, 2010, the City of Berkeley Prosecutor Mavis Thompson entered Nolle

Prosequi of charges in the cause numbers 020133-2;  020134-B;  020135-9, and

N000022965-2 - State v. Bruce Thomas.

108.  The conduct of Defendants was outrageous because of Defendant's evil motive and/or

his reckless indifference to the rights and well-being of Plaintiff, and therefore Plaintiff is

entitled to an award of punitive damages against Defendants.

WHEREFORE, PLAINTIFF prays for judgment against Defendants and for

compensatory damages in an amount which is fair and reasonable, and for punitive damages,

plus costs of this action, attorney's fees and such other relief as the Court deems fair and

appropriate under the circumstances.

Respectfully Submitted,

**DeMoor Law Firm, LLC**

By: */s/ John P. DeMoor*
John P. DeMoor, MBE #53645
11965 St. Charles Rock Road, Suite 202
St. Louis, MO 63044
(314) 400-4100
(314) 739-1355 FAX
E-Mail: john@demoorlawfirm.com

*Attorney for Plaintiff*